IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEPHEN CRITTENDON HOWARD,

        Plaintiff,

    v.

RHONDA RILEY, et al.,

        Defendants.

Case No. 2:17-cv-01098-AC

ORDER

SIMON, Judge.

Plaintiff, an inmate at the Eastern Oregon Correctional Institution ("EOCI"), brings this civil rights action *pro se*. Currently before the Court is Plaintiff's Motion for Temporary Restraining Order (ECF No. 48). For the reasons that follow, the Court DENIES Plaintiff's motion.

Plaintiff seeks a seeks a temporary restraining order requiring the Law Librarian at EOCI to "preserve the plaintiff's 'legal' data-files, stored on a state-owned 'thumb-drive' (#339 at EOCI's Law Library)." In support of his motion, Plaintiff submits a Declaration indicating that the EOCI Law Librarian has instituted a policy of erasing inmate legal information from thumb drives because

they are for temporary use only and she does not believe they should be available medium- or long-term storage.

In deciding whether to grant a motion for temporary restraining order ("TRO"), courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20 (rejecting the Ninth Circuit's earlier rule that the mere "possibility" of irreparable harm, as opposed to its likelihood, was sufficient, in some circumstances, to justify a preliminary injunction).

The Supreme Court's decision in *Winter*, however, did not disturb the Ninth Circuit's alternative "serious questions" test. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under this test, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." *Id.* at 1132. Thus, a preliminary injunction may be granted "if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012) (citing *Cottrell*, 632 F.3d at 1131-32).

2 - ORDER -

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).

Ordinarily, a preliminary injunction maintains the status quo pending a final decision on the merits. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A "mandatory injunction" altering the status quo by granting such a motion, before trial, is appropriate only in extraordinary circumstances. *LGS Architects, Inc. v. Concordia Homes of Nevada*, 434 F.3d 1150, 1158 (9th Cir. 2006), *overruled on other grounds by Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976 (9th Cir. 2011). Moreover, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff seeks mandatory relief in the form of an order requiring the EOCI Law Librarian, who is not a party to this action, to preserve Plaintiff's legal work stored on a thumb drive. Plaintiff's Complaint, however, alleges claims of Fourteenth Amendment Due Process violations in connection with a prison disciplinary proceeding. As such, Plaintiff cannot establish the likelihood of success on the merits of a challenge to the means of storing his legal work pending the outcome of this action. *See Klassy v. Feather*, Case No. 3:13-cv-00434-BR, 2013 WL 6827925, *1-2 (D. Or., Dec. 20, 2013) (plaintiff alleging denial of religious freedom rights under First

Amendment not entitled to preliminary injunctive relief requiring prison officials to provide access to legal materials).

Plaintiff has not established he is entitled to the temporary restraining order requested. Accordingly, the Court denies Plaintiff's motion.

## CONCLUSION

For these reasons, the Court DENIES Plaintiff's Motion for Temporary Restraining Order (ECF No. 48).

IT IS SO ORDERED.

DATED this 15th day of December, 2017.

Michael H. Simon
United States District Judge