# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**STEPHEN CRITTENDEN HOWARD**,

      Plaintiff,

      v.

**RHONDA RILEY**, *et al.*,

      Defendants.

Case No. 2:17-cv-1098-AC

**ORDER**

**Michael H. Simon, District Judge.**

United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on August 16, 2018. ECF 76. Judge Acosta recommended that Plaintiff's motions for partial summary judgment be denied, the State Defendants' motion for summary judgment be granted, and the Chase Defendants' motion to dismiss be granted.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court

must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection. ECF 81. Plaintiff's objections are in two categories— that the prison did not have sufficient evidence to make its disciplinary findings and that the prison might have recordings of its staff's communications with Chase despite its assertions to the contrary. Plaintiff does not object to the remainder of the Findings and Recommendation.

For those portions of Judge Acosta's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent and the Court adopts those portions of the Findings and Recommendation.

Regarding the first category of Plaintiff's objections, Plaintiff's dispute with the sufficiency of the evidence, the Court notes that the sufficiency of the State Defendants' evidence is not the issue in Plaintiff's due process claim before this Court. As discussed by Judge Acosta, the issue before this Court is whether Plaintiff was afforded the appropriate *process* in his disciplinary action. "The Due Process Clause forbids the governmental deprivation of substantive rights without constitutionally adequate procedure." *Shanks v. Dressel*, 540 F.3d 1082, 1090–91 (9th Cir. 2008). "Notice and a meaningful opportunity to be heard are hallmarks of procedural due process." *Ludwig v. Astrue*, 681 F. 3d 1047, 1053 (9th Cir. 2012) (quotation marks and alterations omitted) (quoting *Guenther v. Comm'r*, 889 F.2d 882, 884 (9th Cir. 1989)).

The Court has reviewed *de novo* those portions of Judge Acosta's Findings and Recommendation to which Plaintiff objects regarding his due process claim, and agrees with Judge Acosta's reasoning that Plaintiff was given notice and a meaningful opportunity to be heard, and therefore was afforded sufficient process. The Court adopts those portions of the Findings and Recommendation.

Regarding the second category of Plaintiff's objections, the Court has reviewed Judge Acosta's analysis and adopts those portions of the Findings and Recommendation relating to Plaintiff's public records request. Plaintiff's objection based on speculation that there might be a recording involving a conversation between a prison official and a Chase employee is rejected because Plaintiff offers nothing other than sheer speculation that any such recording exists and because, as discussed by Judge Acosta, the Fourteenth Amendment does not provide a right to access government information.

The Court ADOPTS the Findings and Recommendation (ECF 76). The State Defendants' motion for summary judgment (ECF 35) is GRANTED. The Chase Defendants motion to dismiss (ECF 56) is GRANTED. Plaintiff's motions for partial summary judgment (ECF 42, 47) are DENIED. The Court further finds that any appeal from this Order would be frivolous and thus would not be taken in "good faith" as that term is used in 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, Plaintiff's *in forma pauperis* status should be revoked.

**IT IS SO ORDERED.**

DATED this 12th day of September, 2018.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge